UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GAVIN MACGREGOR,

    Plaintiff,

v.                                                                                  Civ. No. 19-1189-MV-GJF

MIMEDX GROUP INC.,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

THIS MATTER is before the Court upon Defendant's "Motion to Compel Discovery" [ECF 57] ("Motion"). The Motion is fully briefed. ECF 66 (response); ECF 70 (reply). Oral argument occurred on March 2, 2021. ECF 78. For the reasons stated below and articulated on the record, the Court will **GRANT** the Motion.

**I.    CASE BACKGROUND**

Plaintiff, a salesperson in the medical device and pharmaceutical industry, alleges that while he was working for and "earning a substantial income" at a different company, he was contacted by a MiMedx employee about working for Defendant. ECF 1-1 at 3. During the subsequent interview process, an "executive" told Plaintiff that although the base salary Defendant offered would be less than his current one, his total compensation would be greater considering the lucrative commissions he could expect to earn selling one of Defendant's products, Epifix. *Id.* at 3. Specifically, Plaintiff was told that he would earn significant commissions from his sales to the University of New Mexico Hospital ("UNMH"). *Id.* Plaintiff contends that, after he began working for Defendant, he learned that UNMH largely stopped buying Epifix, which severely diminished Plaintiff's prospective sales and commission potential. *Id.* After his employment relationship with Defendant soured and ended, Plaintiff filed this lawsuit. *Id.* Of the multiple

1

theories originally invoked in the complaint, the only two left allege that Defendant either intentionally or negligently misrepresented the amount that Plaintiff could earn working as one of its sales representatives. *Id.* at 1–4; *see also* ECF 62 (granting stipulated dismissal of "Count III – Breach of Covenant of Good Faith and Fair Dealing," "Count IV – Breach of Contract," "Count V – Retaliatory Discharge," and "Count VI – Prima Facie Tort" as well as noting that the "case w[ould] proceed as to Count I – Intentional Misrepresentation and Count II – Negligent Misrepresentation").

## II. DISCOVERY BACKGROUND

On March 31, 2020, Defendant served its first set of discovery. ECF 70 at 2 n.1. Of relevance to the instant motion are two requests for production ("RFPs"):

> RFP #5: "All documents, correspondence and communications between you and any current or former employee, supervisor, officer, or agent of Defendant." *Id.*

> RFP #6: "Make available for inspection, by Defendant's forensic expert, all cellular telephones you have used since the first day of your employment with Defendant up to and including the present." *Id.*

Plaintiff served his responses on May 15, 2020. ECF 70 at 2. With respect to RFP #5, Plaintiff answered that "[t]o the extent that any such documents are now in the possession, custody[,] or control of [Plaintiff], they are being produced." ECF 66 at 18; ECF 68-1 at 5. Regarding RFP #6, however, Plaintiff "object[ed] to production of his personal cellular phone on the ground[s] that such production would result in providing information that is subject to attorney-client and work product privileges, and that such request for production is not reasonably calculated to lead to the discovery of admissible evidence." ECF 66 at 19.

At some later point, Defendant came into possession of a set of text messages exchanged between Plaintiff and Todd Serrano[1] (hereinafter "Serrano Texts"). *See* ECF 57-3 at 2–5. Defendant says that the Serrano Texts evince that Plaintiff knew *before* working for Defendant that UNMH was likely to reduce the amount of Epifix it was purchasing. *See* ECF 57 at 2–3. Plaintiff never produced these texts to Defendant, notwithstanding their obvious responsiveness to RFP #5. *See* ECF 57 at 2–3; ECF 66 at 3.

Plaintiff was deposed on November 18, 2020. ECF 57-4. At his deposition, Plaintiff acknowledged that he did not turn over the Serrano Texts and did not have them. *Id.* at 5. Plaintiff testified that he recently switched cellular providers for his personal cellphone and that the switch may have caused the texts to be deleted. *Id.*

On October 21, 2020, Defendant served its second set of RFPs. Relevant here:

RFP# 22: "All Documents, emails, and text messages that you exchanged with any person (excluding your counsel) regarding MiMedx or any employee of MiMedx from January 1, 2019, to present."

RFP# 23: "All Documents, emails, and text messages that you exchanged with any employee or former employee of MiMedx before you began working for MiMedx on July 8, 2019."

ECF 70-4 at 3. On November 25, 2020, Plaintiff responded that "[a]ll documents within [his] possession, custody[,] or control w[ould] be produced." *Id.*

Citing the missing Serrano Texts, defense counsel wrote Plaintiff's counsel on December 3, 2020, concerned that Plaintiff had not met his discovery obligations and suggesting that Plaintiff submit his phone for forensic examination to resolve the matter. ECF 57-5 at 3. Discovery closed on December 4, 2020. ECF 45 at 1. Plaintiff's counsel responded on December 10, 2020, arguing that because Plaintiff objected to RFP #6 back in May and more than 21 days had elapsed between

---

[1] Mr. Serrano was one of Plaintiff's primary contacts with Defendant during the disputed hiring process and later became Plaintiff's direct supervisor. *See* ECF 66 at 1–2.

3

his objections and Defendant's request, Defendant was not entitled to the proposed examination by virtue of Local Rule 26.6. ECF 57-6 at 2; *see generally* D.N.M.LR-Civ. 26.6 (requiring parties served with objections to file a motion to compel within 21 days of service).

Defense counsel again wrote Plaintiff's counsel on December 14, 2020, inquiring whether Plaintiff planned to send additional discovery and insisting that Local Rule 26.6 did not apply to Defendant's December 3rd request. *Id.* Additionally, defense counsel invited Plaintiff to submit an "alternative" suggestion to "determine whether all of the emails and text messages that [Plaintiff] has relating to [Defendant] ha[d] been produced." *Id.* Plaintiff's counsel responded on December 21, 2020, asserting that Plaintiff had no other discovery to turn over. ECF 57-8 at 2–3.

Defendant filed the instant Motion on January 8, 2021. ECF 57. Defendant now moves the Court to "compel Plaintiff . . . to produce all text messages and emails pursuant to [Defendant's] discovery requests." ECF 57 at 1. In addition, Defendant seeks to compel Plaintiff to "produce his cell phone to an expert for examination to ensure the requested information is disclosed." *Id.*[2]

### III. DISCUSSION

#### A. Defendant's Motion Is Not Untimely

Defendant argues that its December 3, 2020, proposal should not be considered an extension of RFP #6; rather, the proposal should be viewed as a mechanism by which Defendant could ensure that Plaintiff was complying with his ongoing discovery obligations given the missing Serrano Texts. ECF 70 at 7–8. In other words, Defendant considers its motion to be hinged to RFPs ## 5, 22, and 23 and Plaintiff's ongoing obligation to produce emails and texts responsive thereto.

---

[2] Defendant's proposal, as articulated at the Hearing, would require Plaintiff to send the cellphone he used during the relevant time period to a third-party forensic examiner located in Phoenix, Arizona, who would then create a digital copy of the phone's data and search the email and text caches using keywords and key phrases agreed to by the parties. ECF 78 at 2. Defendant contends that, because the search terms would ensure that only relevant and non-privileged material would be included, the resulting production should be sent to both parties. *Id.*

For his part, Plaintiff contends that his May 15, 2020, objection triggered D.N.M.LR-Civ. 26.6's deadline because RFP #6 asked for the exact discovery this Motion seeks—a forensic examination of Plaintiff's cellphone. *Id.* at 3. In the alternative, Plaintiff argues that even if the Court were to accept that Defendant's December 3rd request was a new and separate request for purposes of D.N.M.LR-Civ. 26.6, the Motion would still be untimely because Defendant filed the Motion on January 8, 2021—29 days after Plaintiff's December 10, 2020, response. *Id.* at 66.

"[L]ocal rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them.'" *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (quoting *Wood Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir. 1964)). Under D.N.M.LR-Civ. 26.6, a party served with an "objection" to a discovery request must file a motion to compel "within twenty-one days." Failure to do so "constitutes acceptance of the objection." D.N.M.LR-Civ. 26.6. Such a violation is grounds to deny such a motion. *Thymes v. Verizon Wireless, Inc.*, No. 16-66 KG/WPL, 2017 WL 4534838, at *2 (D.N.M. Feb. 9, 2017). This deadline is not tolled just because the party seeking discovery has tried to work with the resisting party to resolve the dispute. *Garcia v. Crossmark, Inc.*, No. Civ. 13-0693 MV/LAM, 2014 WL 12791242, at *2 (D.N.M. May, 29 2014). For "good cause," however, "the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period." D.N.M.LR-Civ. 26.6. Similarly, the Court may waive Local Rule 26.6 to "avoid injustice." D.N.M.LR-Civ. 1.7.

Defendant's Motion is not untimely because Plaintiff was under a continuing obligation to supplement his responses to RFPs ## 5, 22, and 23, each of which made responsive texts and emails on Plaintiff's cellphone discoverable. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has . . . responded to a[] . . . request for production . . .—must supplement or correct its disclosure or

response . . . in a timely manner if the party learns that in some material respect the disclosure or response [was] incomplete or incorrect"). Although Plaintiff objected to RFP #6 on May 15, 2020, that objection did not relieve of him of his obligation to produce all materials responsive to RFPs ## 5, 22, 23. Because Plaintiff did not object to those RFPs, the deadline under Local Rule 26.6 was not triggered by Plaintiff's original May 2020 objection. *See* D.N.M.LR-Civ. 26.6. Moreover, the Motion does not seek to compel Plaintiff to comply with RFP #6; instead, the Motion merely suggests that the Court should order Plaintiff to produce his personal cellphone as one way of resolving Defendant's reasonable concern that Plaintiff may be withholding other discoverable information, a concern caused by Plaintiff's failure to produce the Serrano Texts. *See* Fed. R. Civ. P. 37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."). In any event, the Local Rules allow the Court to waive D.N.M.LR-Civ. 26.6 for good cause or to avoid injustice, both of which are applicable here. *See* D.N.M.LR-Civ. 1.7, 26.6.[3]

### B. Defendant's Proposed Solution Is an Appropriate Remedy for its Discovery Concerns

In light of its discovery of the undisclosed Serrano Texts, Defendant argues that it cannot "ensure relevant and discoverable information was produced because it does not have access to [Plaintiff's] personal email or cell phone, and does not know whom [Plaintiff] spoke with." ECF 70 at 8. Plaintiff responds that Defendant already has the information it seeks because it has the Serrano Texts and the cellphone Defendant issued to Plaintiff while he was employed by it. ECF 66 at 3–4. Moreover, Plaintiff insists, producing Plaintiff's cellphone would allow Defendant

---

[3] The Court notes that Defendant's position would have been stronger had it (1) served Plaintiff with another RFP re-requesting production of his cellphone after Defendant learned that Plaintiff may be withholding discoverable materials, and (2) moved to compel with 21 days of receiving Plaintiff's objection thereto.

access to irrelevant information (i.e. messages exchanged between Plaintiff and his family) and attorney-privileged communications. *Id.* at 4.

The Federal Rules of Civil Procedure require the Court to take reasonable steps to secure the "just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1. To that end, the Court has an overriding duty to ensure that the parties are faithfully and completely compliant with their discovery obligations. *See Simon v. Ford Motor Co.*, 165 F.R.D. 650, 656 (N.D. Okla. 1995) ("[T]he inherent ability of the trial court to protect the discovery process from willful abuse by litigants ensures the efficacy of our pre-trial discovery system.").

The Court is troubled that Plaintiff produced text messages to/from other MiMedx employees but *none* to/from Mr. Serrano. *See, e.g.*, ECF 70-2 at 9–10; ECF 70-4 at 4–7; ECF 57-4 at 5 (Plaintiff testifying that the only exchange he had on his phone with Mr. Serrano was a picture of inventory at UNMH); *see also* ECF 78 at 2 (Defendant's attorney confirming that it received text messages exchanged between Plaintiff and other MiMedx employees). The Court is further troubled that Plaintiff was able to disclose text messages that pre-date and post-date the Serrano Texts. *See,* e.*g.*, ECF 70-4 at 4–30.[4] Moreover, the explanation and/or speculation that Plaintiff provided at his deposition about why the Serrano Texts were no longer on his phone are inconsistent with the Court's experience and intuition. Put differently, the Court shares Defendant's concern that Plaintiff may not have produced from his personal cellphone all emails and texts responsive to RFPs ## 5, 22, and 23. Given the facts before it, the Court cannot rule out that Plaintiff's personal cellphone still contains responsive emails or text messages that remain undisclosed. *See* ECF 78 at 2. Nor can the Court foreclose the possibility that any efforts to delete otherwise responsive information may have left behind a digital footprint. *Id.*

---

[4] The Serrano Texts were exchanged between June 6, 2019, and July 1, 2019. ECF 57-3 at 2–5.

The Court has endeavored to protect Plaintiff's important privacy interests in his personal cellphone, as well as all legal privileges he enjoys. The Court believes that limiting the examination to certain keywords and phrases agreed to by the parties and requiring whatever materials are produced to be first sent *only* to the Court and Plaintiff's counsel for review will avoid the disclosure of irrelevant or privileged texts and emails and protect Plaintiff's privacy.

### IV. CONCLUSION

For the reasons stated above:

**IT IS ORDERED** that Defendant's Motion [ECF 57] is **GRANTED** subject to the following protocol:[5]

- The forensic examination shall be of the cellphone Plaintiff owned and used between **January 1, 2019**, and **April 30, 2020**. The scope of the examination shall be limited to the same timeframe.
- Within **ten (10) days** of the filing of this order, Plaintiff's counsel shall deliver the subject cell phone to a third-party forensic examiner identified by Defendant.
- All expenses related to the examination shall be paid for by Defendant.
- The parties shall confer and agree on the keywords and key phrases to be used by the examiner.
- The end product of this examination shall be sent by the examiner *only* to the Court and Plaintiff's attorney. The examiner shall also return the cellphone to Plaintiff's counsel.
- Plaintiff's counsel shall have **fourteen (14) days** from the date on which he receives the production to supplement his responses to Defendant's RFPs or file with the Court a notice indicating that Plaintiff will not supplement his responses.[6] The Court will conduct its own review of the production to satisfy itself that Defendant has received all relevant and non-privileged emails and text messages that are responsive to RFPs ## 5, 22, and 23.

---

[5] At the hearing, Plaintiff's counsel agreed to the examination and production review protocol described in this Order. ECF 78 at 3.

[6] This examination, production, and review process should be completed within **sixty (60) days** from the filing of this Order.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE